IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | 5:05-CR-10 (WDO) |
| PATRICIA LAMAY FANGMAN, | : | |
| | : | |
| Defendant | : | |

## ORDER

Defendant Fangman was indicted on one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and five counts of mail fraud in violation of 18 U.S.C. § 1351 i/c/w 18 U.S.C. § 2. At the close of all the evidence in the trial of this case, Defendant moved for a judgment of acquittal and argued that the Government failed to prove she was a part of the conspiracy as alleged in this indictment.

The evidence presented at trial was that a Mr. Germaine Dumas and others entered into an agreement to employ various means to steal vehicles from automobile dealerships. To not arouse suspicion that the vehicles were stolen, Mr. Dumas decided to obtain tags for the stolen vehicles. To accomplish this, the individuals involved had to submit applications for tags to various county tag offices. In these applications, someone filled out the blanks in the applications with a Vehicle Identification Number, or VIN. It is important to note that every vehicle is assigned a unique VIN by the manufacturer. Tag offices process tag applications and issue tags based on the VIN given. The evidence in this case showed that someone

1

would, on the tag application, change the last few numbers of the actual VINs for the stolen vehicles with a number for some presumably unknown vehicle. The Government alleged that Defendant Fangman was the individual who would take the information on the stolen vehicles from Mr. Dumas, fill out the tag applications with false VINs, submit the tag applications to the appropriate tag offices and thereby use the U.S. mail to cause a false tag to be issued for the stolen vehicles.

It is well settled in this nation's history that defendants are not required to prove their innocence. Rather, the Government was required in this case to prove beyond a reasonable doubt that Defendant Fangman participated in the conspiracy and committed the acts alleged in the indictment. That is, the Government was required to prove that Ms. Fangman entered into an agreement with Mr. Dumas, the undisputed leader of the conspiracy, that involved stealing vehicles from dealerships and legitimizing the acquisition of the vehicles by obtaining tags for the vehicles. In this case, the Government did show that the numbers given for the stolen vehicles were not the VINs actually associated with the stolen vehicles. Rather, the VINs were associated with some unknown vehicle. What the government did NOT show is WHO actually placed the false VINs on the applications. The Government alleged that Ms. Fangman was the one who placed the false VINs on the applications but did not present evidence, in documentary or testimonial form, that it was in fact Ms. Fangman who carried out this part of the conspiracy, or any other part of the conspiracy. Based on these findings, the Government failed to present evidence

that satisfies the requirements of the statutes alleged to have been violated.  It is therefore this Court's duty to grant the Defendant's motion for a judgment of acquittal.

**SO ORDERED this 13th day of December, 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**